IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANTONIO HERNANDEZ,

    Plaintiff,

v.                                                                    No. 19-cv-692 WJ-KBM

FNU SANTISTEVAN,
GERMAN FRANCO,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiff Antonio Hernandez's Petition for Preliminary Injunction (Doc. 1-1) (Petition). He alleges prison officials failed to accommodate his vision impairment in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. (ADA). Having reviewed the matter *sua sponte* under 28 U.S.C. § 1915A, the Court will deny the Petition but grant leave to file an amended pleading.

### BACKGROUND

Plaintiff is a blind inmate. He was previously incarcerated at the Southern New Mexico Correctional Facility (SNMCF). In 2018 or 2019, he developed a conflict with prison officials regarding the lack of services for his vision impairment. SNMCF officials allegedly failed to offer appropriate employment and/or an inmate assistant to help with legal matters. Plaintiff filed a petition for writ of mandamus asking the state court to compel SNMCF officials to accommodate his impairment. The outcome of the mandamus proceeding is unclear; however, on April 15, 2019, Plaintiff was transferred Lea County Correctional Facility (LCCF). He believes the transfer was in retaliation for filing the mandamus proceeding.

After Plaintiff arrived at LCCF, prison officials allegedly engaged in retaliatory, discriminatory, and inappropriate actions. He contends LCCF officials:

(a)  Interfered with Plaintiff's grievances and lawsuits;

(b)  Prevented him from accessing unspecified services;

(c)  Placed him in segregation for 45 days with no access to technology or exercise;

(d)  Served cold food that was not kosher;

(e)  Denied appropriate medical care and palliative treatment;

(f)  Intercepted legal mail addressed to Plaintiff, and rifled his papers;

(g)  Refused to provide an inmate-assistant to help him perform research;

(h)  Placed him in a two-person cell, rather than a single cell;

(i)  Denied programming and "communications;" and

(j)  Subjected Plaintiff to abuse and derogatory comments.

(Doc. 1-1 at 2-6).

Based on these issues, the Petition raises claims under the ADA for discrimination and failure to provide reasonable accommodation for the vision impairment. Plaintiff asks the Court to enter a preliminary injunction: (1) preventing any transfer from LCCF to another prison; (2) ordering LCCF Warden Santistevan and Director German Franco to "cease and desist their campaign of harassment;" and (3) requiring those officials to comply with the ADA and the New Mexico Department of Corrections (NMDOC) policies with respect to housing, disability services, and programming. (Doc. 1-1 at 2, 5). Plaintiff originally filed the Petition in New Mexico's Fifth Judicial District Court. Defendant Warden Santistevan removed the action to this Court and paid the filing fee, and the matter is ready for initial review.

## STANDARDS GOVERNING *SUA SPONTE* REVIEW OF INMATE FILINGS

Section 1915A of Title 28 requires the Court to conduct a *sua sponte* review of all civil actions filed by a prisoner against government officials or entities. Such review is required where, as here, the opening pleading was removed from state court. *See Carr v. Zwally*, 760 F. App'x 550, 554 (10th Cir. 2019) (§ 1915A provides for sua sponte review of inmate complaints against government officials, even if they are removed from state court). The Court must dismiss any inmate pleading that is frivolous, malicious, or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915A. The Court may also dismiss a claim *sua sponte* under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted).

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall,* 935 F.2d at 1110. While *pro se* pleadings are judged by the same legal standards as others, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, …, or … unfamiliarity with pleading requirements." *Id.* Moreover, if the initial pleading fails to survive initial review, courts should generally grant leave to amend should unless amendment would be futile. *Id.*

## DISCUSSION

Plaintiff seeks a preliminary injunction based on alleged violations of the ADA. To obtain a preliminary injunction, a party must clearly establish: (1) a substantial likelihood of success on the merits; (2) irreparable injury to the movant if the injunction is denied; (3) the threatened injury to the movant outweighs the injury to the other party; (4) the injunction is not adverse to the public interest. *Kikumura v. Hurley*, 242 F.3d 950, 955 (10th Cir. 2001). "[B]ecause a preliminary

injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Beltronics USA, Inc. v. Midwest Inventory Distribution, LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009) (quoting *Greater Yellowstone Coalition v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003). Granting such relief is the "exception rather than the rule." *GTE Corp. v. Williams*, 731 F.2d 676, 678 (10th Cir. 1984).

The merits of the claim are governed Title II of the ADA, which prohibits a "qualified individual with a disability" from being discriminated against, and from being "excluded from participation in" or "denied the benefits of ... services, programs, or activities," by "a public entity" on the basis of such disability. 42 U.S.C. § 12132. State prisoners such as Plaintiff are "qualified individual[s]" within the meaning of Title II. *See Pa. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 209, 213 (1998). A state prison also "fall[s] squarely within the statutory definition of 'public entity'" as defined by 42 U.S.C. § 12131(1). *Id.* at 210; *see also Marks v. Colorado Dep't of Corr.,* 958 F.3d 1001, 1010 (10th Cir. 2020) ("[T]he Americans with Disabilities Act and Rehabilitation Act unambiguously extends to state prison inmates.").

Courts have recognized three ways to establish an ADA claim: "(1) intentional discrimination (disparate treatment); (2) disparate impact; and (3) failure to make a reasonable accommodation." *J.V. v. Albuquerque Pub. Sch.*, 813 F.3d 1289, 1295 (10th Cir. 2016). The Petition appears to implicate the first and third categories. To state a failure-to-accommodate claim, Plaintiff "must show: (1) he is a qualified individual with a disability; (2) he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities; (3) such exclusion or denial was by reason of his disability; and (4) [Defendants] knew he was disabled and required an accommodation." *Ingram v. Clements*, 705 Fed. App'x 721, 725 (10th Cir. 2017) (quoting *J.V.*, 813 F.3d at 1295). An ADA discrimination claim

requires proof of similar factors, except Plaintiff must allege "some affirmative [facts showing] that disability was a determining factor in the [discriminatory action]." *Selenke v. Med. Imaging of Colo.,* 248 F.3d 1249, 1259 (10th Cir. 2001).

Considering these standards, the Petition does not demonstrate Plaintiff is likely to prevail on the merits of his ADA claim. Plaintiff provides no specificity about the services from which he has been excluded due to his vision impairment, how he was excluded, the degree or length of exclusion, or exactly what accommodations he requested. Instead, he recites a conclusory list of grievances touching on all aspects of prison life, including inadequate meals, medical care, research materials, grievance responses, and exercise. The only concrete allegation relating to his disability is that prison officials placed him in a two-person cell. NMDOC policy purportedly permits blind inmates to occupy a one-person cell. Assuming this is true, Plaintiff has failed to explain how living with a cellmate is tantamount to the denial of a public benefit, or that prison officials acted with discriminatory intent. Plaintiff therefore fails to demonstrate he is likely to succeed on the merits of his ADA claim.

The remaining factors also weigh against injunctive relief. As previously noted, Plaintiff's allegations are too conclusory to demonstrate irreparable injury. He contends prison officials engaged in a "campaign of harassment," but the Petition gives no detail regarding the alleged "abuse," "denial of medical care," etc. (Doc. 1-1 at 2, 4). Much of the alleged wrongdoing, such as the 45-day segregation, occurred in the past, and an injunction "would have no effect on the defendants' behavior towards [Plaintiff]." *Jordan v. Sosa*, 654 F.3d 1012, 1027 (10th Cir. 2011). The Court also finds the requested injunction would place a hardship on Defendants, based on its vague nature. Plaintiff asks the Court to order Defendants to "cease and desist [a] campaign of harassment" and comply with the ADA and NMDOC policies. Such a

generalized directive provides no guidance about the necessary steps to comply with a Court order. To the extent Plaintiff wishes to prevent a transfer out of LCCF, the Court will not interfere at this stage with Defendants' administration of the state prison system. *See, e.g., Lopez v. Roark*, 560 Fed. App'x. 809, 812 (10th Cir. 2014) (upholding the denial of a preliminary injunction for transfer to another prison). Finally, the Court finds the injunction does not implicate any public interest, and that Plaintiff's claims should be addressed through the ordinary channels available to aggrieved inmates.

For these reasons, the Court will deny the Petition for Preliminary Injunction (Doc. 1-1). After filing the Petition, Plaintiff requested a form 42 U.S.C. § 1983 complaint. (Doc. 5). The Court will provide that form and allow Plaintiff to file an amended pleading within 45 days of entry of this Order. If Plaintiff wishes to raise § 1983 claims, he must name the individual involved in the constitutional violation. *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016). Prison supervisors cannot be liable under § 1983 if they are not personally involved in the wrongdoing, unless they promulgated a policy or custom that caused the constitutional violation. *See Pahls v. Thomas,* 718 F.3d 1210, 1226 (10th Cir. 2013). Plaintiff is also advised that to challenge his conditions of confinement, the alleged deprivation must be objectively serious, and the prison official must "have a sufficiently culpable state of mind." *Craig v. Eberly,* 164 F.3d 490, 495 (10th Cir. 1998). If Plaintiff declines to timely file an amended pleading, or files an amended pleading that fails to state a cognizable claim, the Court will dismiss this case with prejudice and without further notice.

**IT IS ORDERED** that Plaintiff's Petition for Preliminary Injunction (**Doc. 1-1**) is **DENIED**; but Plaintiff may file an amended pleading within 45 days of entry of this Order.

**IT IS FURTHER ORDERED** that the Clerk's Office shall **MAIL** Plaintiff a form 42

U.S.C. § 1983 prisoner civil rights complaint.

**SO ORDERED**.

_____
CHIEF UNITED STATES DISTRICT JUDGE