IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANTONIO HERNANDEZ,

    Plaintiff,

v.                                                                           No. 19-cv-692 WJ-KBM

FNU SANTISTEVAN,
GERMAN FRANCO,

    Defendants.

## MEMORANDUM OPINION AND ORDER

    This matter comes before the Court on Plaintiff Antonio Hernandez's failure to file an amended complaint, as directed. Plaintiff is *pro se* and incarcerated. He initiated this case by filing a Petition for Preliminary Injunction under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. (ADA). *See* Doc. 1-1 (Petition). The Petition alleges prison officials failed to provide adequate services for Plaintiff's vision impairment, such as an appropriate job and an inmate legal assistant. The Petition also alleges unspecified officials at the Lea County Correctional Facility (LCCF) retaliated after Plaintiff complained. Plaintiff initially sought a preliminary injunction: (1) preventing any transfer from LCCF to another prison; (2) ordering LCCF Warden Santistevan and Director German Franco to "cease and desist their campaign of harassment;" and (3) requiring those officials to comply with the ADA and the New Mexico Department of Corrections (NMDOC) policies with respect to housing, disability services, and programming. *See* Doc. 1-1 at 2, 5.

    By a ruling entered September 24, 2020, the Court denied the request for a preliminary injunction. *See* Doc. 9. Plaintiff failed to establish a likelihood of success on his ADA claim, as

there was no specificity about the services from which he had been excluded, how he was excluded, the degree or length of exclusion, or exactly what accommodations he requested. Instead, Plaintiff recited a conclusory list of grievances touching on all aspects of prison life (*i.e.,* inadequate meals, medical care, research materials, etc). The Court also observed that the facts were too conclusory to demonstrate irreparable injury, and much of the alleged wrongdoing occurred in a prior prison, such that an injunction "would have no effect on the defendants' behavior towards [Plaintiff]." *Jordan v. Sosa*, 654 F.3d 1012, 1027 (10th Cir. 2011). Finally, the Court found the requested injunction would impose a hardship on Defendants, based on the vague request that they "cease and desist [a] campaign of harassment" and comply with the ADA and NMDOC policies.

Consistent with *Hall v. Bellmon,* 935 F.2d 1106 (10th Cir. 1991), the Court permitted Plaintiff to file an amended pleading within 45 days of entry of the Order denying a preliminary injunction. The Court also mailed Plaintiff a blank 42 U.S.C. § 1983 complaint, as he requested that document after filing the Petition. Plaintiff was warned that if he fails to timely comply, the Court may dismiss this case without further notice. Plaintiff did not file an amended pleading by the November 8, 2020 deadline. The Court will therefore dismiss this case for failure to prosecute and comply with Court orders under Fed. R. Civ. P. 41(b). *See Olsen v. Mapes,* 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003) ("Rule 41(b) … has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the … court's orders."). Because the Court has only ruled on a request for preliminary injunction, rather than a substantive claim, the dismissal will be without prejudice to filing a new § 1983 or ADA action.

**IT IS ORDERED** that this civil case is **DISMISSED without prejudice** under Rule 41(b) for failure to file an amended pleading after the denial of injunctive relief; and the Court will enter

a separate judgment closing the case.

**SO ORDERED**.

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE