**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

———————————————

ANTONIO HERNANDEZ,

     Plaintiff,

v.                                                                  No. 19-cv-692 WJ-KBM

FNU SANTISTEVAN,
GERMAN FRANCO,

     Defendants.

<u>**MEMORANDUM OPINION AND ORDER**</u>

     This matter comes before the Court on Plaintiff Antonio Hernandez's Motion to Reconsider (Doc. 12) (Motion).  Plaintiff is *pro se* and incarcerated.  He asks the Court to reconsider the dismissal of his civil injunction action without prejudice for failure to file an amended pleading.   For the reasons below, the Court will deny the Motion.

**BACKGROUND**

     Plaintiff initiated his case by filing a Petition for Preliminary Injunction under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. (ADA).   *See* Doc. 1-1 (Petition).   The Petition alleges prison officials failed to provide adequate services for Plaintiff's vision impairment, such as an appropriate job and an inmate legal assistant.   The Petition also alleges unspecified officials at the Lea County Correctional Facility (LCCF) retaliated after Plaintiff complained.   Plaintiff sought a preliminary injunction: (1) preventing any transfer from LCCF to another prison; (2) ordering LCCF Warden Santistevan and Director German Franco to "cease and desist their campaign of harassment;" and (3) requiring those officials to comply with the ADA and the New Mexico Department of Corrections (NMDOC) policies with respect to housing,

disability services, and programming.   *See* Doc. 1-1 at 2, 5.

By a ruling entered September 24, 2020, the Court denied the request for a preliminary injunction.   *See* Doc. 9.   Plaintiff failed to establish a likelihood of success on his ADA claim, as there was no specificity about the services from which he had been excluded, how he was excluded, or exactly what accommodations he requested.   Instead, the Petition recited a conclusory list of grievances touching on all aspects of prison life (*i.e.,* inadequate meals, medical care, research materials, etc).   The Court also observed that the facts were too conclusory to demonstrate irreparable injury; much of the alleged wrongdoing occurred in a prior prison, such that an injunction "would have no effect on the defendants' behavior towards [Plaintiff]."   *Jordan v. Sosa*, 654 F.3d 1012, 1027 (10th Cir. 2011) (addressing injunction standards following a prison transfer).   Finally, the Court found the requested injunction would impose a hardship on Defendants, based on the vague request that they "cease and desist [a] campaign of harassment" and comply with the ADA and NMDOC policies.

Consistent with *Hall v. Bellmon,* 935 F.2d 1106 (10th Cir. 1991), the Court permitted Plaintiff to file an amended pleading within 45 days of entry of the Order denying a preliminary injunction.   This deadline is longer than usual, in light of Plaintiff's impairment.   The Court also mailed Plaintiff a blank 42 U.S.C. § 1983 complaint with instructions.   Plaintiff was warned that if he fails to timely comply, the Court may dismiss this case without further notice.   Plaintiff did not file an amended pleading by the November 8, 2020 deadline.   On November 19, 2020 - after waiting an additional eleven days - the Court dismissed this case under Fed. R. Civ. P. 41(b) for failure to prosecute and comply with Court orders.   *See* Docs. 10, 11; *Olsen v. Mapes,* 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003) ("Rule 41(b) … has long been interpreted to permit courts to

dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the … court's orders.").   Plaintiff filed the Motion to Reconsider on December 1, 2020.   *See* Doc. 12.

## DISCUSSION

A motion to reconsider filed within twenty-eight days after entry of the final judgment is generally analyzed under Fed. R. Civ. P. 59(e).   *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991); *Manco v. Werholtz,* 528 F.3d 760, 761 (10th Cir. 2008).   Grounds for setting aside the judgment include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."   *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).   A district court has considerable discretion in deciding whether to disturb a judgment under Rule 59(e).   *See Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

None of the above circumstances exist in this case.   Plaintiff does not point to new law or evidence, nor has he demonstrated an injustice.   As grounds for reopening this case, Plaintiff alleges he was placed in quarantine at the end of August due to COVID-19; prison officials would not permit his cell mate to provide legal assistance; and he did not have sufficient access to family or good lighting to draft an amended pleading on time.   If any claims were dismissed with prejudice, the Court may reopen the case based on those circumstances.   However, the Court never adjudicated the merits of Plaintiff's claims.   The opening pleading - and the only pleading on file - is a Motion for Injunction, primarily raising wrongdoing that occurred at Plaintiff's prior prison.   The Court denied the Motion and invited Plaintiff to file a formal complaint.   When he declined, the Court made it clear that the case was dismissed without prejudice to filing a new action.

Plaintiff acknowledges the Court "dismiss[ed] without prejudice, allowing [him] to file a new [§] 1983 or ADA action."   Doc. 12 at 5.   However, he states he cannot file a complaint until "such time as [he has] … access to necessary disability accommodations or assistance."   *Id.* at 5-6.   Plaintiff renews his request for a mandatory injunction allowing access to "accommodation equipment already on site and designated for such purpose."   *Id.* at 6.   The Court will not revisit its ruling denying Plaintiff's request for mandatory injunction.   As with his previous requests, an order directing prison officials to "provide accommodation equipment" is simply too vague to meet the stringent injunction standards.   The Court will also not reopen this case when Plaintiff essentially admits he does not know whether, or when, he can file an amended pleading.   It is more appropriate to send Plaintiff a form § 1983 complaint, so that he can challenge his conditions of confinement on his own timeline.   The Court finally notes that, to the extent Plaintiff requests counsel, "[c]ourts are not authorized to appoint counsel in § 1983 cases."   *Rachel v. Troutt*, 820 F.3d 390, 397 (10th Cir. 2016).   "[I]nstead, courts can only 'request' an attorney to take the case" on a *pro bono* basis.   *Id.*   Such an extraordinary step is not warranted here, as the Court cannot get a sense of whether Plaintiff's claims have merit.

In sum, there are no grounds to reconsider the dismissal ruling, and the Court will deny the Motion to Reconsider (Doc. 12).   The Court will direct the Clerk's Office to mail Plaintiff a blank § 1983 civil rights complaint, if and when he wishes to file a new case.

**IT IS ORDERED** that Plaintiff's Motion to Reconsider (**Doc. 12**) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk's Office shall **MAIL** Plaintiff a form civil rights complaint and a form *in forma pauperis* motion.

**SO ORDERED**.

4

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE